**Jack M. LESSER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 63-C-1228.

United States District Court
E. D. New York.

March 23, 1964.

Greenberg & Margolis, New York City, for plaintiff, Marvin Margolis, New York City, of counsel.

Joseph P. Hoey, U. S. Atty., Eastern Dist. of New York, for defendant, Peter J. Ciano, U. S. Dept. of Justice, Tax Div., Washington, D. C., of counsel.

BARTELS, District Judge.

Plaintiff moves to quash a summons served upon him by the U. S. Treasury Department-Internal Revenue Service pursuant to Section 7602 of the Internal Revenue Code of 1954.

The suit was instituted by plaintiff against the Government pursuant to Sections 1340 and 1346(a) (1) for a refund of $500 paid by plaintiff on account of a 100% penalty assessed against him arising out of various Withholding, So-

cial Security and Unemployment taxes allegedly due from Lesser Plumbing and Heating Corp. and Cherry Lane Plumbing Corp. for the years 1953 and 1954. In its answer the Government denied liability for refund and counterclaimed for $28,771.03. Plaintiff replied by denying liability and setting up the statute of limitations prescribed in 26 U.S.C. § 6502(a). Thereafter, U. S. Treasury Department-Internal Revenue Service served plaintiff with an administrative summons, requiring him "to give testimony relating to the tax liability and/or the collection of the tax liability * * " and to bring with him "The attached financial statement form 433AB, completed in every detail". Plaintiff claims that the Internal Revenue Service is attempting to conduct discovery of his assets pending trial of the action and in particular, "while pre-trial discovery proceedings concerning plaintiff's claim and defendant's counterclaim are in progress" and attempting to collect the taxes although barred by the statute of limitations.

██ At the threshold it must be stated that the motion to quash is procedurally defective inasmuch as it has been tied to and made within the framework of this particular action. The summons in this case was issued pursuant to Section 7602 of the Internal Revenue Code of 1954, which authorizes the Commissioner of Internal Revenue to issue such a summons for the purpose of examining books, records and witnesses. This power may be exercised independently of the existence or non-existence of any action instituted by the taxpayer. Therefore, as a motion predicated upon the existence of the present suit, this Court has no jurisdiction to consider it.

██ Treating the motion as an independent application by plaintiff to quash the summons, its determination poses no problem. As will appear hereinafter, plaintiff has no standing whatsoever to make any independent application to this Court. The issue has been disposed of by the Supreme Court in Reisman v. Caplin, 1964, 84 S.Ct. 508, 375 U.S. 440, 11 L.Ed.2d 459. There the court considered the statutory scheme provided by the Revenue Act of 1954 and the pattern designed by Congress for the issuance and enforcement of summons by the Commissioner of Internal Revenue. This makes it unnecessary to make a detailed reference to the various sections of the Internal Revenue Code discussed in that opinion, wherein the court concluded that the statute required the witness summoned to *first* appear before the hearing officer and there make his challenge to the summons. If the challenge is rejected at that stage and the witness refuses to testify or produce books or records, *then* the Commissioner must resort to the district court by appropriate process to enforce compliance with the summons,[1] at which time the witness will have ample opportunity for a judicial review before any sanctions are imposed. Thus the plaintiff must follow the administrative procedure and await any attempt on the part of the Commissioner to enforce in the courts compliance with the summons. He has no right to move first by an attack on the summons.

██ Counsel for plaintiff also requests permission to explore the circumstances surrounding the waiver by the taxpayer of the statute of limitations, citing Rule 65(b), Fed.Rules Civ.Proc., 28 U.S.C., and Carpenters' District Council, etc. v. Cicci, 6 Cir. 1958, 261 F.2d 5. The attempt to insert in this abortive motion an issue with respect to the merits of the statute of limitations defense is completely without any basis. Assuming, moreover, there was any semblance of authority for this application, neither Rule 65 nor the Cicci case has any application to a proceeding of this character. Accordingly, plaintiff's motion is denied in all respects.

Settle order within ten (10) days on two (2) days' notice.

1. Sections 7402(b), 7604(a) (b), I.R.C.