Application of Marvin R. COLE, Gladys Cole, Arthur A. Fischer and Cole, Fischer, Rogow, Inc. for an order staying the Franklin National Bank from complying with a summons issued to it by the Internal Revenue Service, and further staying the Internal Revenue Service from proceeding with an examination of the books and records requested under said summons.

United States District Court
S. D. New York.
Dec. 2, 1964.

Seymour B. Goldfeld, Goldfeld, Charak & Goldman, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., by Laurence Vogel, Asst. U. S. Atty., New York City, for defendants.

CROAKE, District Judge.

These motions deal with a summons issued by the Commissioner of Internal Revenue to the Franklin National Bank under the authority of Section 7602 of the Internal Revenue Code of 1954.[1] Marvin R. Cole, Gladys Cole, Arthur A. Fischer and Cole, Fischer, Rogow, Inc. (hereinafter movants), seek to stay: (1) the Internal Revenue Service from examining the papers and records specified by the summons; and (2) the Franklin National Bank from complying with the summons, until notice of the proposed examination is given to the movants so that they may have an opportunity to challenge the summons before the hearing officer. The Government has peti-

1. "§ 7602. Examination of books and witnesses.

"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized—

"(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

"(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and

"(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry."

tioned for an order pursuant to Sections 7402(b) and 7604 of the 1954 Code [2] enforcing the summons. In the memorandum of law submitted on behalf of the movants in opposition to the petition of the Government, it is requested that any evidence obtained by the alleged illegal procedures which relates to them or to any interested party who failed to receive notice of the summons be permanently suppressed. The Bank takes no position with respect to the instant motions.

The summons was issued on November 16, 1964 and served upon the Bank on that day. Apparently, notice of the summons was not given to the movants. The summons directed the Bank to appear before one Francis S. Sullivan, a Special Agent of the Internal Revenue Service, on November 27, 1964 at the offices of the Bank and to give testimony regarding the tax liability of Marvin R. and Gladys Cole for the years 1955 through 1963.

The Bank was also directed to produce the following documents:

"All credit files, application for loans, financial statements, loan ledger sheet, loan repayment tickets, and memoranda relating to secured or unsecured commercial or personals granted to Marvin and Gladys Cole, Arthur A. Fischer, and the firm of Cole, Fischer & Rogow, Inc., during the above period, including any such records relating to the M. C. Co.— a partnership."

The examination was begun at 9:30 a. m. on November 17, 1964 pursuant to an agreement between the Bank and the agents to waive the 10 day waiting period prescribed by Section 7605(a) of the 1954 Code.[3] Counsel for the movants learned of the examination and in a letter dated November 17, 1964 ordered the Bank to refuse to comply with the summons "until such time as an order of the

2. "§ 7402. Jurisdiction of district courts.
"(b) To enforce summons.—If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data."

"§ 7604. Enforcement of summons.
"(a) Jurisdiction of district court.— If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.
"(b) Enforcement.—Whenever any person summoned under section 6420(e) (2), 6421(f) (2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary or his delegate may apply to the judge of the district court or to a United States commissioner for the district within which the person

so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience."

3. "§ 7605. Time and place of examination.
"(a) Time and place.—The time and place of examination pursuant to the provisions of section 6420(e) (2), 6421 (f) (2), or 7602 shall be such time and place as may be fixed by the Secretary or his delegate and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e) (2) or 6421(f) (2), the date fixed for appearance before the Secretary or his delegate shall not be less than 10 days from the date of the summons."

Court has been issued permitting the same." The Bank, apparently, received the letter at about 3 p. m. on the seventeenth and complied with the order. On the eighteenth of November this court signed an order to show cause staying the examination pending a determination of the claims of the movants.

The petition of the Government to enforce the summons will be dealt with first. In the case of Reisman v. Caplin, 375 U.S. 440, [84 S.Ct. 508, 11 L.Ed.2d 459] (1964), the Supreme Court considered the statutory scheme for the issuance and enforcement of summonses by the Commissioner of Internal Revenue. Petitioners in that case were the attorneys for taxpayers Mr. & Mrs. Bromley. Civil tax proceedings were pending against the Bromleys and a criminal investigation of the tax affairs of Mr. Bromley was in progress. Petitioners employed the accounting firm of Peat, Marwick, Mitchell & Co. to assist them in connection with the proceedings. After Mr. Bromley refused to produce his papers, summonses were issued under Section 7602 to Peat, Marwick directing the production of their records relating to Mr. Bromley and his several business interests. When the accountants indicated that they would comply with the summonses, an action was brought to seek declaratory and injunctive relief against the Commissioner of Internal Revenue and the Peat, Marwick firm. Petitioners claimed that the summonses were null and void. They argued that the enforced production of the papers was an unlawful appropriation of their work product and trial preparation, and an unreasonable seizure requiring the taxpayers to incriminate themselves and depriving them of the effective assistance of counsel.

The District Court for the District of Columbia dismissed the action, holding that the petitioners did not have standing to sue, that the complaint failed to state a cause of action, that none of the papers were the work product of the petitioners, and that the papers were not within the attorney-client privilege. In an opinion reported [Reisman v. Caplin], at [115 U.S.App.D.C. 59], 317 F.2d 123, the Court of Appeals affirmed on the theory that the suit was, in substance, one against the United States to which it had not consented. The Supreme Court affirmed on the ground that the petitioners had an adequate remedy at law and that the complaint should therefore be dismissed for want of equity. The other issues presented were not passed upon.

The Supreme Court noted that the case was at a stage when the only affirmative action taken by the Commissioner was the issuance of the summonses to the accountants. An adequate remedy at law was found to exist in that (1) both the party summoned and those affected by a disclosure might appear or intervene before the hearing officer and challenge the summons; and (2) if such challenge was rejected, the objectants might have an adjudication of their claims if enforcement were sought in an action under Section 7402(b) or 7604, since Section 7602 did not give the hearing officer power to enforce compliance with his order.

■ In the instant case, parties affected by the summons, the taxpayers and individuals apparently closely associated with them, resist the petition of the Government on the ground that they have not been given the right specified in Reisman to challenge the summons before the hearing officer. This position is well taken. Until such right is granted and the challenges are rejected by the hearing officer, the Commissioner may not resort to the courts to enforce compliance with the summons.[4]

4. See also Lesser v. United States, 230 F. Supp. 817 (E.D.N.Y.1964). In that case, the court, relying upon Reisman, held that a taxpayer who had been served with a summons under Section 7602 had no standing to make an independent application to the court to quash the summons since he had yet to challenge the summons before the hearing officer. In so holding, the court stated that the Supreme Court in Reisman had concluded that: "If the challenge is rejected at

Accordingly, the petition of the Government is premature, and is denied without prejudice to the making of a similar motion should it later become necessary. The instant summons is set aside. The Government may issue a new summons to the Bank upon reasonable notice to the movants. Without such notice, the right of the taxpayer or other parties affected to challenge the summons before the hearing officer would be meaningless.

The court does not believe that the omission of the Government to give notice of the examination to the movants warrants permanent suppression of any information thus far obtained. However, use of any such information is enjoined pending a determination of any objections to the summons. Whether such information may ultimately be used depends on the decision upon any challenges to the summons.

The disposition of the petition of the Government renders moot the application of the movants, and it is therefore dismissed.

So ordered.

that stage [by the hearing officer] and the witness refuses to testify or produce books or records, *then* the Commissioner must resort to the district court by appropriate process to enforce compliance with the summons." 230 F.Supp. at 818.