**Leo ZAMARONI, Plaintiff-Appellant,**

v.

**Jay G. PHILPOTT, District Director of Internal Revenue, Defendant-Appellee.**

**No. 14952.**

United States Court of Appeals
Seventh Circuit.

May 21, 1965.

Merle L. Silverstein, Rosenblum & Goldenhersh, St. Louis, Mo., William L. Beatty, Granite City, Ill., for appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Burton Berkley, Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., Edward R. Phelps, U. S. Atty., Springfield, Ill., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C., Leon G. Scroggins, Asst. U. S. Atty., of counsel, for appellee.

Before CASTLE, KILEY and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

The plaintiff-appellant, Leo Zamaroni, commenced this action in the District Court seeking to enjoin the defendant-appellee, District Director of Internal Revenue, from using certain items or information derived therefrom as the evidentiary basis for asserting or proving any tax deficiencies against the plaintiff. Plaintiff's complaint alleges that the items were seized from plaintiff's premises by State officers by means of an unlawful search and seizure in violation of plaintiff's constitutional rights, and that the defendant has used and intends to continue to use said books, records, papers, and documents, and the information contained therein, as the basis for assess-

ing tax deficiencies and penalties against plaintiff for taxes claimed due under Sections 4401 and 4411 of the Internal Revenue Code of 1954 (26 U.S.C.A. § 4401 and § 4411).

The District Director moved to dismiss the action upon the grounds of lack of jurisdiction and failure of the complaint to state a claim upon which relief may be granted.[1] The District Court dismissed the suit for lack of jurisdiction, stating in its judgment order:

"* * * [I]t is not within the province of the judiciary to entertain an action which seeks a declaration that certain evidence cannot be utilized by a District Director of Internal Revenue in determining federal tax liability, nor does the Court believe that it has jurisdiction in this action to declare what evidence may or may not be admissible in a future action not yet in being concerning plaintiff's liability for the federal taxes herein involved. * * *"

We agree with the disposition the District Court made of the action. Whatever impact the exclusionary rule announced in Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669, may have with respect to civil actions or proceedings,[2] an issue we need not here resolve, the underlying policy manifested by the provisions of both 26 U.S.C.A. § 7421(a) and 28 U.S.C.A. § 2201[3] leads us to the conclusion that collateral determination of the admissibility of evidence in an administrative tax proceeding or investigation is not a proper sphere for injunctive intervention in the exercise of equitable jurisdiction. We have had occasion to point out "[w]ith reference to the assessment and collection of federal taxes, the courts have only a limited area in which to operate". Balistrieri v. United States, 7 Cir., 303 F.2d 617, 620. And, in the context of the instant matter we agree with the observation made in Campbell v. Guetersloh, 5 Cir., 287 F.2d 878, 881, that:

"All questions touching on the weakness of the Director's case and the difficulty of proof will be before the courts for their review once the administrative function is completed. That is when the court may first come upon the scene; not before the investigation has been completed."

The judgment order of the District Court is affirmed.

Affirmed.

1. The motion asserted lack of jurisdiction on the grounds the action was an unconsented to suit against the government, it sought declaratory relief contrary to 28 U.S.C.A. § 2201, and it sought to enjoin the assessment of a tax contrary to 26 U.S.C.A. § 7421(a). The motion asserted lack of equity and failure to state a claim because of plaintiff's failure to allege irreparable injury or inadequacy of legal remedy.

2. The exclusionary rule of Elkins was formulated in an exercise of "the Court's supervisory power over the administration of criminal justice in the federal courts". 364 U.S. 206, 216, 80 S.Ct. 1437, 1443. (Emphasis supplied).

3. § 7421(a) provides: "Except as provided in [sections not here relevant], no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

§ 2201 provides: "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." (Emphasis supplied).