**Rose KENNEDY, Plaintiff-Appellant,**

v.

**Eugene COYLE, District Director of Internal Revenue, Charles Cartwright, James Campion and Other Unknown Internal Revenue Agents, Defendants-Appellees.**

**No. 14961.**

United States Court of Appeals
Seventh Circuit.

Oct. 28, 1965.

Norman J. Barry, Donald E. Egan, Chicago, Ill., Rothschild, Hart, Stevens & Barry, Chicago, Ill., of counsel, for appellant.

Louis F. Oberdorfer, Lee A. Jackson, Robert A. Maloney, Meyer Rothwack, Burton Berkley, Washington, D. C., Edward V. Hanrahan, Thomas J. Curoe, Chicago, Ill., for appellees.

Before HASTINGS, Chief Judge and SCHNACKENBERG and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

Rose Kennedy (taxpayer) brought this action in the district court against Eugene Coyle, District Director of Internal Revenue, Charles Cartwright, James Campion and other, unknown Internal Revenue Agents. She sought thereby to quash an Internal Revenue summons, to enjoin the assessment and collection of federal income tax, and to suppress for all time and to have returned to her evidence in the possession of the Internal Revenue Service relating to her which was secured as the result of an unlawful search and seizure.

Government moved to dismiss the complaint on the grounds of lack of jurisdiction and for failure to state a claim on which relief may be granted. The district court granted such motion and dismissed the action. Taxpayer appealed from this order of dismissal.

The complaint alleged that on February 19, 1964, without a warrant and without taxpayer's consent, officers of the *Chicago Police* Department forcibly entered taxpayer's home and removed therefrom a substantial sum of money and financial records belonging to her.

On March 24, 1964, in an action brought by taxpayer, the Circuit Court of Cook County, Illinois held that the search of taxpayer's home and the seizure of her property was unconstitutional.

The seized property remains in the joint custody and control of the Chicago police and the Continental Illinois National Bank and Trust Company (in Chicago), subject to the jurisdiction of the Circuit Court of Cook County.

Taxpayer then instituted proceedings in the Illinois state courts to compel the return to her of her property unlawfully seized. This action is presently pending.

It is further alleged that the Internal Revenue Service has had access to the illegally seized evidence. Taxpayer charges that on the basis of this evidence alone, the Internal Revenue Service has investigated taxpayer's tax liability, although there had been no prior investigation thereof; has terminated her taxable period for the year 1963, pursuant to Section 6851 of the 1954 Internal Revenue Code, on the ground of jeopardy to the collection of income tax for 1963; has assessed and declared immediately due $180,000 in federal income taxes for 1963; has asserted liens against her funds not in her possession; and has secured further evidence relating to her criminal and civil tax liabilities.

On April 24, 1964, the Internal Revenue Service issued a summons, served on taxpayer, requiring her to appear and produce for examination certain specified records relating to her tax liabilities for 1962 and prior years.

It is finally alleged that taxpayer is 69 years of age, in poor health and without sufficient financial means necessary to institute and pursue the tax litigation required to obtain a refund.

██ That part of the complaint which sought to quash the Internal Revenue summons was properly dismissed since taxpayer has an adequate remedy at law. Taxpayer may refuse to honor the summons, thereby compelling the Government to proceed with an enforcement proceeding in the district court pursuant to Section 7604(b) of the Code of 1954, 26 U.S.C.A. § 7402(b). Such an "enforcement action under this section would be an adversary proceeding affording a judicial determination of the challenges to the summons and giving complete protection to the witness." Reisman v. Caplin, 375 U.S. 440, 446, 84 S.Ct. 508, 512, 11 L.Ed.2d 459 (1964).

In Zamaroni v. Philpott, 7 Cir., 346 F.2d 365 (1965), we recently had occasion to review a case with a factual situation similar to the instant case. There plaintiff sought to enjoin the use of information unlawfully seized by state officers as the evidentiary basis for asserting or proving tax deficiencies against plaintiff. The district court had dismissed the action for lack of jurisdiction on the grounds that " * * * [I]t is not within the province of the judiciary to entertain an action which seeks a declaration that certain evidence cannot be utilized by a District Director of Internal Revenue in determining federal tax liability, nor does the Court believe that it has jurisdiction in this action to declare what evidence may or may not be admissible in a future action not yet in being concerning plaintiff's liability for the federal taxes herein involved." Id. at 366.

In Zamaroni, we approved the action by the district court and, relying on the underlying policy manifested by the provisions of 26 U.S.C.A. § 7421(a), which prohibits enjoining the assessment or collection of a tax, and 28 U.S.C.A. § 2201, which prohibits the use of a declaratory judgment "with respect to Federal taxes." Judge Castle, speaking for the court, concluded:

" * * * that collateral determination of the admissibility of evidence in an administrative tax proceeding or investigation is not a proper sphere for injunctive intervention in the exercise of equitable jurisdiction." Id. at 366.

Taxpayer seeks to distinguish Zamaroni in that no tax assessment had been made in that case, whereas a tax assessment has been made in the instant case. That is, the administrative investigatory proceedings are here asserted to be ended. We disagree.

A tax assessment has been made for 1963, but there is a question of tax liability for prior periods. Further, Section 6851(b) of the 1954 Code provides that taxpayer may reopen a terminated taxable period (1963 in this case), if taxpayer files "a true and accurate return * * *." In Zamaroni, it was alleged that the Government *had used and intended to continue to use* illegally seized information as a basis for assessment. Id. at 365–366.

Section 7421(a) of the 1954 Code provides, in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." In Enochs v. Williams Packing & Nav. Co., 370 U.S. 1 (1962), the Supreme Court stated, at page 7, 82 S.Ct. 1125, at page 1129, 8 L.Ed.2d 292:

"The manifest purpose of § 7421 (a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and * * * the attempted collection may be enjoined if equity jurisdiction otherwise exists. * * *.

"We believe that the question of whether the Government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. Only if it is then apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed."

Taxpayer contends the district court has equitable jurisdiction here because "it is clear that under no circumstances could the Government ultimately prevail." It is far from clear to us that under no circumstances will the Government ultimately prevail.

The constitutionality of the search and seizure by the state officers will have to be tested by federal standards. Vuin v. Burton, 6 Cir., 327 F.2d 967, 970 (1964). The Government played no part in the illegal search and seizure in the instant case. In Zamaroni, we refused to resolve the question of extending the exclusionary rule in criminal cases, Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960) to civil cases.

Finally, we are not persuaded that there has been a clear showing of any other equitable considerations which would entitle the district court to take jurisdiction in the face of the foregoing well-established principles. Taxpayer has a plain, adequate and complete remedy at law. As we concluded in Zamaroni, 346 F.2d at 366, quoting with approval from Campbell v. Guetersloh, 5 Cir., 287 F.2d 878, 881 (1961):

"All questions touching on the weakness of the Director's case and the difficulty of proof will be before the courts for their review once the administrative function is completed. That is when the court may first come upon the scene; not before the investigation has been completed."

The judgment order of the district court dismissing this action is affirmed.

Affirmed.