**M. Ashley DICKERSON, Plaintiff,**

**v.**

**Lewis J. CONRAD, District Director of Internal Revenue, and Charles A. Pohland, Internal Revenue Agent, Defendants.**

**No. A–120–67.**

United States District Court
D. Alaska.

Oct. 26, 1967.

---

M. Ashley Dickerson, in pro per.

Richard L. McVeigh, U. S. Atty., Marvin S. Frankel, Asst. U. S. Atty., Anchorage, Alaska, for defendants.

## MEMORANDUM OPINION

VON DER HEYDT, District Judge.

Plaintiff, an attorney, brings this action to enjoin defendants, Internal Revenue Service agents, from further "harassing" her by investigation of her tax returns for the years 1963, 1964, and 1965.[1] It appears that plaintiff was notified by one of the defendants on a number of occasions that he wished to discuss with her, at her office, the returns for the years in question. This request, with which plaintiff has refused to comply, was made as provided by Section 7602 of the Internal Revenue Code.[2] Plaintiff alleges that her rights under Section 7605(b) have been violated, and that, if defendants are allowed to persist in the investigation, her constitutional rights under the Fourth and Fifth Amendments, as well as the attorney-client privilege, will be violated.

Defendants have moved to dismiss the complaint, urging that this Court lacks jurisdiction of the subject matter for the reason that Section 7421(a) prohibits

---

1. The full prayer of plaintiff's complaint reads as follows:

"WHEREFORE, Plaintiff prays that an injunction issue from this Court enjoining the Defendant from further molesting, harassing or intimidating Plaintiff, or demanding any records from her, or forcing her in any way to assist

them in the preparation of a criminal charge against her, or coming about her premises for any purpose, at any time."

2. 26 U.S.C. § 7602 (1964). All statutory sections referred to hereafter will be found in the Internal Revenue Code, 26 U.S.C. § 1 et seq.

suits to restrain assessment or collection of federal taxes. Defendants also allege that the suit is premature, as no summons has been issued to plaintiff.

 Under Section 7602 the Secretary, or his delegate, have broad investigatory powers. It is clear that among the proper purposes of such an investigation is that of ascertaining the accuracy of any taxpayer's return.[3] Section 7605 (b) limits this power in two ways: First, unnecessary examinations or investigations are prohibited; and, second, only one inspection of a taxpayer's books of account each taxable year is allowed, unless the taxpayer requests otherwise, or the Secretary, after inspection, notifies the taxpayer in writing that an additional inspection is necessary.

It is apparent from the record that the Secretary, through the District Director, has attempted to exercise the investigatory power given him under Section 7602, and that the plaintiff has declined to respond. The District Director, if he desires to pursue the matter, must issue a summons to plaintiff as provided by statute. Plaintiff then may challenge the summons on any basis available to her. If the challenge is there rejected and compliance still refused, the District Director is empowered to enforce the writ in the district court under Section 7402(b).[4]

Therefore, this action is neither timely nor plaintiff's proper remedy. If she wishes to challenge the investigation of her tax returns on any of the grounds or for any of the reasons alleged in her complaint, she must follow the correct procedural steps. She is afforded "complete protection" if and when a summons is-

sues, compliance is refused, and the summons is sought to be enforced.[5]

For the foregoing reasons the Motion to Dismiss is granted. The United States Attorney may prepare an appropriate form of judgment of dismissal.

---

3. Wild v. United States, 362 F.2d 206 (9th Cir. 1966).

4. Reisman v. Caplin, 375 U.S. 440, 446, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964); Accord, Kennedy v. Coyle, 352 F.2d 867 (7th Cir. 1965); Lesser v. United States, 230 F.Supp. 817 (E.D.N.Y.1964).

5. See United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); Reisman v. Caplin, supra; Kennedy v. Coyle, supra; Zamaroni v. Philpott, 346 F.2d 365 (7th Cir.), cert. denied; 382 U.S. 903, 86 S.Ct. 238, 15 L.Ed.2d 157 (1963); Magnus, Mabee & Reynard, Inc. v. United States, 311 F.2d 12 (2d Cir.), cert. denied, 373 U.S. 982, 83 S.Ct. 1289, 10 L.Ed.2d 198 (1962); In Re Turner, 309 F.2d 29 (2d Cir. 1962); Campbell v. Guetersloh, 287 F.2d 878 (5th Cir. 1961).