John KOIN and Frances Koin, Plaintiffs-Appellants,

v.

Eugene C. COYLE, District Director of Internal Revenue for the Chicago District, his Servants, Agents, Employees and Attorneys, Defendants-Appellees.

No. 16630.

United States Court of Appeals Seventh Circuit.

Nov. 1, 1968.

Anna R. Lavin, Chicago, Ill., for plaintiffs-appellants.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Chief, Appellate Section, Joseph M. Howard, Atty., Tax Division, Dept. of Justice, Washington, D. C., Thomas A. Foran, U. S. Atty., Chicago, Ill., John P. Burke, Atty., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before KNOCH, Senior Circuit Judge and KILEY and CUMMINGS, Circuit Judges.

KILEY, Circuit Judge.

The district court dismissed plaintiffs' suit seeking to restrain defendant Director, et al., from using evidence, alleged to have been illegally seized, and to enforce a previous court order suppressing the challenged evidence. Plaintiffs appealed and we affirm.

The complaint shows that: In 1962 defendant agents, armed with warrants, searched the premises of Empire Press, Inc., in Chicago, and seized records, machinery and other personal property. In a subsequent libel proceeding brought by

the United States against the material seized, Empire intervened and moved to suppress from evidence the seized material. The motion was granted, and that order, entered April 2, 1963, not appealed, is now final.

The defendants in 1966 told plaintiffs that wagering tax assessments were to be made against them on the basis of information obtained from the material seized at Empire. Plaintiffs were advised that the material would be used despite the order of suppression. Plaintiffs then brought this suit for a holding, and order, that defendants may not use the material as a basis for the intended assessment. Defendants moved to dismiss on the ground, *inter alia*, that the complaint sought declaratory judgment relief "with respect to Federal taxes" and is accordingly barred under 28 U.S.C. § 2201 (1964);[1] and that the suit was to restrain the assessment of a tax and prohibited therefore under 26 U.S.C. § 7421(a).[2]

An affidavit of a government attorney, in support of the defendants' motion, discloses that in a November, 1963, criminal proceeding, United States v. Zimmerman (an unreported case), a motion to suppress as evidence the material seized at Empire was made by Zimmerman, an Empire employee, with reliance upon, *inter alia*, the order of suppression in the libel suit seven months earlier. A different judge from the one in the libel suit denied Zimmerman's motion, even though he was aware of the prior suppression order in the libel suit. The affidavit also states that the "principal basis" for the proposed assessment against plaintiffs was the voluntary affidavits which plaintiff John Koin gave defendants in 1962. These were incorporated by reference in the government affidavit. Plaintiffs answered the motion to dismiss. The district court thereafter, without express reason, entered the dismissal order before us.

Plaintiffs state in this court that they do not seek a judicial declaration and that they do not seek to restrain the assessment of a tax. They contend that, this suit is to enforce the early order of suppression, and is therefore not a suit prohibited by 28 U.S.C. § 2201 or 26 U.S.C. § 7421(a). They argue that had the defendants returned the evidence as ordered in April, 1963, it would not be available for use now.

However, the complaint as presented in the Appendix does not allege that the order of suppression ordered the material returned to Empire. And we reject the argument that the Koin suit does not seek to restrain the assessment of the tax. True, the suit does not directly and expressly aim at the assessment. But it is directed expressly at the means to that end, and in our view is substantially aimed at restraining the assessment. It cannot be seriously contended that precluding the assessment is not the end sought.

We do not view this proceeding as a suit to force the district court to obey the order of suppression of April 2, 1963. But if we did, we cannot, in view of the subsequent order of denial of suppression in the *Zimmerman* case, find a clear basis needed for the extraordinary mandamus remedy sought. In Homan Mfg. Co. v. Russo, 233 F.2d 547 (7th Cir. 1956), this court held that a suppression order in a prior criminal case involving the same defendants was a procedural order in that case only, and "was not an order of permanent general outlawry

1. § 2201.
    In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

2. § 7421(a) * * * [N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

against all use of the documents involved." Since the suppression order pursuant to Empire's motion in the libel suit was for that case only, it was not controlling in the *Zimmerman* case, and is not controlling here.

We think this court's decision in Zamaroni v. Philpott, 346 F.2d 365 (7th Cir. 1965), disposes of the issue here on appeal. The rule announced is that "collateral determination of the admissibility of evidence in an administrative tax proceeding or investigation is not a proper sphere for injunctive intervention in the exercise of equitable jurisdiction." The court there agreed with the "observation" in Campbell v. Guetersloh, 287 F. 2d 878, 881 (5th Cir. 1961), that a court should not pass upon questions of weakness and proof in the "Director's" case until his function is completed, and the entire case is presented for review. The congressional policy of limiting jurisdiction in the area of federal taxes is clearly shown in the express exception from federal court jurisdiction of injunction actions in 26 U.S.C. § 7421 (1964).

Implicit in the *Zamaroni* rule is the notion that the suitor has an adequate remedy at law. See Kennedy v. Coyle, 352 F.2d 867 (7th Cir. 1965). We have no way of knowing from the record the circumstances surrounding the 1962 searches and seizures in order to determine whether the order of suppression or the order denying suppression of the seized material is correct. The fact that two judges disagreed on the point precludes us from anticipating that in a suit for tax refund in the district court or in an appeal to the tax court the government would in no event prevail on the question of admissibility of the seized evidence. See Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); Kennedy v. Coyle, 352 F.2d 867, 870 (7th Cir. 1965).

Since we hold that this suit is barred by 26 U.S.C. § 7421, we do not reach the question whether this suit is a declaratory judgment action, which would be barred by 28 U.S.C. § 2201. Further-

more, we do not reach, on this appeal, the question of the plaintiffs' standing to complain of the search and seizure. But see United States v. Granello, 365 F.2d 990 at 995–996 (2d Cir. 1966).

The judgment is affirmed.