John M. **WHITE** and Angela B. White,
Plaintiffs,

v.

The **UNITED STATES** of America et al.,
Defendants.

No. 73 C 452.

United States District Court,
N. D. Illinois, E. D.

Aug. 6, 1973.

Francis E. Sweet, Edward J. Egan, Murtaugh, Nelson & Sweet, Daniel L. Hollihan, Chicago, Ill., for plaintiffs.

U. S. Atty., James R. Thompson by Asst. U. S. Atty., James Toughy, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendants motion to dismiss the complaint.

This is an action for an interlocutory and permanent injunction restraining the enforcement of the levy of a jeopardy assessment provided for under 26 U.S.C. § 6862(a) and to restrain the collection of the Federal tax claimed to be due and owing on the grounds that the asserted assessment is allegedly excessive, arbitrary, capricious, without factual foundation, and based on illegally obtained evidence. The plaintiffs also seek a declaratory judgment pursuant to 28 U.S.C. § 2201 as to the invalidity of the purported assessment.

The plaintiffs are John M. White and Angela B. White, who are both citizens of the United States and residents of the City of Chicago, Illinois. The individual defendants are Roger C. Beck, Director of the Internal Revenue for Chicago, Illinois; Johnnie M. Walters, Commissioner of Internal Revenue of the United States; and James B. Conlisk, Superintendent of the Chicago Police Department.

The plaintiffs, in the complaint, allege, *inter alia,* the following facts:

1. On or about March 16, 1971 a jeopardy assessment of $9,320.20 was made against plaintiff, John M. White, by the United States of America acting through its agents, Edwin P. Trainor, then District Director of Internal Revenue for Chicago, Illinois, and Randolph W. Thrower, then Commissioner of Internal Revenue of the United States. On March 17, 1971 a similar jeopardy assessment of $9,320.00 was made against the plaintiff Angela B. White.

2. On or about March 16 and 18, 1971, a notice of levy was filed by the United States of America, in the amount of $9,320.00 against certain funds in the possession of the Chicago Police Department which funds are the property of the plaintiffs and were allegedly seized from the possession of the plaintiffs. No indication was given to the plaintiffs that assessments made were for unpaid wagering, excise and occupational taxes, pursuant to the provisions of 26 U.S.C. § 4401 and 26 U.S.C. §§ 4411 and 4412. A conference between attorneys for plaintiffs and agents of the Internal Revenue Service indicated that the taxes assessed were, in fact, taxes on wagering for the period from January 1, 1971 to March 21, 1971. No information was made available to plaintiffs or their attorneys concerning the basis for such assessments, and plaintiffs believe that it was made on the basis of

illegally seized evidence. No returns concerning the excise tax imposed by 26 U.S.C. § 4401 or for the special occupation tax imposed by 26 U.S.C. § 4411 and § 4412 were filed by the plaintiffs.

3. On August 20, 1971 a written request was made to the District Director of Internal Revenue to cancel the jeopardy assessment and to release the notice of levy. No action on such request has been taken and requests for a further conference with the District Director's staff have been ignored. On November 4, 1971 an order was entered by the Circuit Court of Cook County, Illinois, directing that the sum of $6,771.00 seized from the possession of John M. White be returned to him by the Chicago Police Department subject only to the levy of the Internal Revenue Service. Under the provision of 26 U.S.C. §§ 6321 and 6862, a tax claim becomes a lien in favor of the United States Government on all property of the taxpayer upon assessment.

4. Unless the plaintiffs can restrain the assessment and collection of the taxes alleged to be due and owing, the plaintiffs will be compelled to waive their Fifth Amendment privilege against self incrimination by filing a suit for refund. The remedy available to the plaintiffs of filing a suit for a refund is inadequate, since in any suit for refund the plaintiffs would have the burden of proving (a) that the assessment is invalid and (b) the amount of tax, if any, to which the United States Government would be entitled. To meet the burden of proof required of them under a suit for refund, the plaintiffs would necessarily be forced to testify as to gambling activities thereby exposing themselves to prosecution under state and federal law. Unless the plaintiffs are granted an injunction as requested they will suffer immediate and irreparable damage, and all of their property will become subject to seizure for the payment of the tax claim asserted by the United States Government, and plaintiffs have no adequate remedy at law. The levy and seizure of plaintiffs' funds violates the Fourth Amendment of the Constitution of the United States in that such levy and seizure were not based upon reasonable cause. The Seizure of plaintiffs' records and funds upon which the jeopardy assessment was made violates the Fifth Amendment of the Constitution of the United States in that the use of such personal records compels plaintiffs to be witnesses against themselves.

5. The plaintiffs are entitled to and desire that this Court issue an interlocutory injunction and in due course a permanent injunction restraining and enjoining the defendants, acting through their agents, servants, employees and attorneys, and any and all other persons in active concert or participation with them, from continuing the following unconstitutional and unlawful acts:

(a) continuing to detain, seize, and hold plaintiffs' money;

(b) refusing to return to plaintiffs forthwith the said money that has been seized; and

(c) instituting any further proceedings seeking to forfeit the money seized and held pursuant to the assessment and levy.

The defendants, in support of their motion to dismiss, contend:

1. The Court lacks jurisdiction over the subject matter of this action.

2. The complaint fails to state a claim upon which relief can be granted.

3. The injunctive relief sought in the complaint is prohibited by Section

7421 of the Internal Revenue Code of 1954.

4. The complaint seeks a declaratory judgment with respect to federal taxes and is prohibited by Section 2201, Title 28, United States Code.

The plaintiffs, in opposition to the instant motion, contend that the instant action is a proper exception to 26 U.S.C. § 7421.

It is the opinion of this Court that the defendants' motion to dismiss is meritorious.

## I. THE INSTANT ACTION IS CLEARLY PROHIBITED BY 26 U.S.C. § 7421(a).

Section 7421(a) of the Internal Revenue Code of 1954 provides, in relevant part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." The purpose of this statute is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to disputed funds be determined in a suit for refund. Enochs v. Williams Packing Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1961).

■ In exceptional cases, this statutory prohibition may be inapplicable. However, in order to come within this exception, a taxpayer must meet the requirements of a stringent two part test. First, the taxpayer must establish that under no circumstances could the government prevail in its claim for the tax. Secondly, the taxpayer must establish that he qualifies for equitable relief by showing that absent injunctive relief he will suffer irreparable harm and he does not have an adequate legal remedy. Enochs v. Williams Packing Co., supra.

A. The Plaintiffs Failed to Establish That The Government Cannot Ultimately Prevail in its Claim for the Instant Wagering Taxes.

■■ The mere allegations that taxes assessed against them are arbitrary, capricious and without factual foundation is not enough to overcome the statutory bar to this action. The taxpayer must establish that there is no chance that the government could prevail. Collins v. Daly, 437 F.2d 736 (7th Cir. 1971); Trent v. United States, 442 F.2d 405 (6th Cir. 1971); McAlister v. Cohen, 308 F.Supp. 517 (S.D.W.Va.1970), aff'd, 436 F.2d 422 (4th Cir. 1971).

■■ It is well settled that the question of whether the government has a chance of ultimately prevailing is to be determined on the basis of the information available to it at the time of suit. If under the most liberal view of the law and facts, the United States cannot establish its claim, the suit for an injunction may be maintained, otherwise it must be dismissed. Enochs v. Williams Packing Co., supra.

■ The plaintiffs in the complaint do not sufficiently state facts which would lead to the conclusion that the assessments per se are arbitrary, capricious, or without any factual foundation. Nowhere in the complaint is it alleged that the plaintiffs were not engaged in accepting wagers or that plaintiffs are not liable for the taxes assessed against them. Nowhere in the complaint is it alleged that there has been a judicial determination that evidence upon which the assessment was made has been illegally seized; nor have facts been alleged which support the contention that evidence has been illegally seized. The plaintiffs' objections to the instant assessments are apparently that they are excessive and not accurate. Such allegations cannot by themselves overcome the statutory prohibition against suits of this type. Hamilton v. United States, 309 F.Supp. 468 (S.D.N.Y.1969), aff'd, 429 F.2d 427 (2nd Cir. 1970), cert. denied, 401 U.S. 913, 91 S.Ct. 881, 27 L.Ed.2d 812 (1971); Campbell v. Guetersloh, 287 F.2d 878 (5th Cir. 1961); United States v. Parenti, 326 F.Supp. 717 (E.D.Pa.1971), aff'd, 470 F.2d 1175 (3rd Cir. 1972).

■ The defendants have represented that the taxes assessed against the

plaintiffs were calculated on the gross wagers shown in the betting records seized by the Chicago Police. The search resulted in the discovery of betting records on sporting events. The instant jeopardy is based on the records seized rather than a method of projection. The instant assessment is not *per se* unreasonable nor do the facts surrounding the assessment disclosed by the parties to date, suggest that the government cannot ultimately prevail in its claim for these wagering taxes.[1]

The plaintiffs also contend that the assessments against them are illegal in that they are based on evidence illegally seized. In Pizzarello v. United States, 408 F.2d 579 (2nd Cir. 1969), cert. denied, 396 U.S. 986, 90 S.Ct. 481, 24 L.Ed.2d 450, the Court held an assessment to be invalid which was based wholly or in large part on evidence that had been illegally seized. Two crucial factors present in the *Pizzarello* case are not involved in the instant action. First, in *Pizzarello* the court was obviously swayed by the "grossly excessive" assessment determined by the projection method, an element clearly not present in the instant action. Second, there had been a judicial determination by the District Court in the taxpayer's criminal case that much of the evidence upon which the assessment was based had been illegally seized pursuant to an invalid search warrant and that evidence was ordered suppressed. The instant complaint contains no suggestion that there has been a judicial determination that the evidence used in preparing the assessment against the taxpayer was illegally seized nor does the complaint state any supporting factual basis for the conclusory allegation that the evidence was illegally seized.

It is well settled that taxpayers cannot bring an injunctive suit to obtain a determination as to the admissibility of evidence supporting assessments against them. Hamilton v. United States, *supra*; Zamaroni v. Philpott, 346 F.2d 365 (7th Cir. 1965); Koin v. Coyle, 402 F.2d 468 (7th Cir. 1968); Kennedy v. Coyle, 352 F.2d 867 (7th Cir. 1965). The admissibility and sufficiency of such evidence can be tested in a suit for refund before an appropriate court. The plaintiffs have alleged that the jeopardy assessment and levy of their funds based on seizure of their records violates the Fifth Amendment in that the use of such personal records compels the plaintiffs to be witnesses against themselves. The plaintiffs predicate their argument on two major Supreme Court cases and numerous lower federal court cases which follow the logic of the Supreme Court. Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968); Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968). See also United States v. United States Coin & Currency, 401 U.S. 715, 91 S.Ct. 1041, 28 L.Ed. 2d 434 (1971); Hill v. Philpott, 445 F. 2d 144 (7th Cir. 1971), cert. denied, 404 U.S. 991, 92 S.Ct. 533, 30 L.Ed.2d 5 (1971). The essence of the plaintiffs' argument is that an assessment of gambling taxes under 26 U.S.C. § 4401 has the same consequences as a forfeiture proceeding pursuant to 26 U.S.C. § 7302. Not only is there an absence of authority with respect to such a contention, but there is an essential difference between the two types of proceedings. Urban v. United States, 445 F.2d 641 (5th Cir. 1971); United States v. Donlon, 355 F. Supp. 220 (D.Delaware, 1973). Furthermore the plaintiffs' attempt to equate forfeiture penalties in *Marchetti* and *Grosso* to a civil tax assessment and thereby suggest that criminal protections equally apply to civil tax assessments. The Supreme Court in *Grosso*

---

1. The obvious reasonableness of the instant assessment based on actual records can be demonstrated by a comparison with other cases wherein the assessment was based on a projection method. See Hamilton v. United States, *supra* (an assessment covering four years period was based on records for only three days); Pinder v. United States, 330 F.2d 119 (5th Cir. 1964) (an assessment covering sixty-two months was based on a single days record).

specifically disavowed any such determination:

> "We cannot accept such an argument. We do not hold today either that the excise tax is as such constitutionally impermissible, or that a proper claim of privilege extinguishes liability for taxation; we hold only that such a claim of privilege precludes a criminal conviction premised on failure to pay the tax." 390 U.S. 62 at 70, footnote 7, 88 S.Ct. 709 at 714, 19 L.Ed.2d 906.[2]

 It is clear to this Court that the doctrine of *Marchetti* and *Grosso* is not applicable to the instant action. Further, it is well settled that the seizure of illegal gambling paraphernalia *per se* does not amount to compulsory self incrimination. Romanelli v. Commissioner of Internal Revenue, 466 F.2d 872 (7th Cir. 1972).

B. The Plaintiffs Have Failed to Establish that They Are Entitled to Equitable Relief.

 In addition to the plaintiffs' failure to meet the first part of the two part test set out in Enochs v. Williams Packing Co., *supra,* the plaintiffs have also failed to meet the second part, namely, that of qualifying for equitable relief. Although the plaintiffs claim that they are in danger of irreparable damage unless an injunction is granted, the mere allegation of the possibility of irreparable damage is not enough. There must be supporting facts. Hamilton v. United States, *supra;* Cole v. Cardoza, 441 F.2d 1337 (6th Cir. 1971). The plaintiffs have failed to properly set forth the factual basis for their alleged irreparable harm, which would outweigh the judicial reluctance to interfere with the collection of taxes.

 In addition the plaintiffs have failed to show that they do not have an adequate legal remedy. A suit for refund of a disputed federal tax is recognized as an adequate legal remedy. Enochs v. Williams Packing Co., *supra;* Bowers v. United States, 423 F.2d 1207 (5th Cir. 1970); Walker v. Internal Revenue Service, 333 F.2d 768 (9th Cir. 1964).

The Third Circuit has held that a taxpayer fearful of criminal prosecution and possible self incrimination may file his refund suit and request that further civil proceedings be deferred until the conclusion of related criminal proceedings or until all applicable periods of limitations on prosecution have run. Iannelli v. Long, 487 F.2d 317 (3rd Cir., 1973). It is the opinion of this Court following the reasoning of *Iannelli* that the plaintiffs have an adequate remedy at law.

II. THIS COURT LACKS JURISDICTION TO GRANT THE DECLARATORY JUDGMENT REQUESTED IN THE INSTANT ACTION.

 The plaintiffs seek a declaration from this Court that the assessments against them have been made arbitrarily, capriciously, and without factual foundation and are illegal and void. Federal District Courts are specifically prohibited from granting declaratory judgments in actions dealing with federal taxes. See 28 U.S.C. § 2201. The law affords taxpayers appropriate methods for contesting a claim for federal taxes; however, these methods do not include the granting of declaratory relief. Koin v. Coyle, 402 F.2d 468 (7th Cir. 1968); Mitchell v. Riddell, 402 F.2d 842 (9th Cir. 1968); Jolles Foundation v. Moysey, 250 F.2d 166 (2nd Cir. 1957).

Accordingly, it is hereby ordered that the defendants' motion to dismiss is granted.

---

2. The Supreme Court in its recent opinion in United States v. United States Coin & Currency, referring to *Marchetti* and *Grosso,* commented:

> "In those cases, we took pains to make it clear that the Court in no way doubted the Government's power to assess and collect taxes on unlawful gambling activities." 401 U.S. 715 at 717, 91 S.Ct. 1041 at 1043, 28 L.Ed.2d 434. See also United States v. Donlon, *supra* at 224 of 355 F.Supp.