CARLISLE B. ROBERTS, Judge.
 

 Complaint in the above-entitled suit was filed by plaintiff simultaneously with plaintiffs response to the court’s order to show cause in Tax Court case No. 1306-S. Tax Court No. 1307 is, in fact, a collateral attack upon No. 1306-S (which led to an order to the plaintiff to produce certain records for examination by defendants for property tax purposes). Plaintiff resisted the court’s suggestion that Tax Court No. 1307 should be dismissed, contending that "then Plaintiff’s substantive right to present evidence on its numerous affirmative defenses will be erased.” (PI Br 2.) The parties have briefed the court on this point and, on April 30, 1979, oral argument was heard thereon.
 

 It is the court’s view that all the plaintiffs arguments were heard, considered and noted in the court’s
 
 *[139]
 
 opinion and order in TC No. 1306-S, issued under the date of April 30,1979. Plaintiff’s counsel has acknowledged that this is true (in a letter to the court dated May 7, 1979), but nevertheless urges that it is necessary to preserve No. 1307 to protect Eola’s rights on appeal.
 

 The decision in TC No. 1306-S requires the plaintiff to produce some, but not all, of the records requested in defendants’ demand for the production of certain records. If plaintiff refuses to comply with the court’s order and defendants do not acquiesce in such noncompliance, then, upon defendants’ motion, the court is required to order the plaintiff to comply with the demand of the department within such time as the court shall direct. ORS 305.190. Failure of the plaintiff to obey the order issued by the court pursuant to ORS 305.190 is an indirect contempt of court and proceedings must be followed pursuant to ORS 33.040. In that event, ORS 33.150 provides for an appeal by plaintiff in like manner and with like effect as from a judgment in an action. The appeal is to the Oregon Supreme Court. ORS 305.455. The plaintiff’s rights are fully protected.
 
 Cf. Reisman v. Caplin,
 
 375 US 440, 84 S Ct 508, 11 L Ed2d 459 (1964);
 
 Dickerson v. Conrad, 274
 
 F Supp 881 (D Alas 1967), 21 AFTR2d 398.
 

 There is a strong argument for the court’s present decision based upon public policy. Government is dependent for its existence upon a workable system of taxation. The necessary investigatory work of the tax administrator, made difficult by statutory time limitations, should not be hampered by delaying actions taken by a taxpayer, so long as the taxpayer’s fundamental constitutional rights are protected. Another fundamental policy is that the work of the courts should not be increased by allowing the same arguments to be heard twice in what is basically one cause. Now, therefore,
 

 
 *[140]
 
 IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the issues raised in Tax Court No. 1307 are moot and the complaint should be and hereby is dismissed with prejudice.