Jack DICKENS and Homer Lee Scott,
Plaintiffs-Appellants,

v.

UNITED STATES of America, et al., .
Defendants-Appellees.

No. 80–1190.

United States Court of Appeals,
Sixth Circuit.

Cause Argued Oct. 7, 1981.

Decided March 1, 1982.

Hugh C. Howser, Hugh C. Howser, Jr., Nashville, Tenn., for plaintiffs-appellants.

Hal D. Hardin, U. S. Atty., Nashville, Tenn., Jay W. Miller, M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Tax Div., Dept. of Justice, Washington, D. C., for defendants-appellees.

Before LIVELY and MERRITT, Circuit Judges, and CECIL, Senior Circuit Judge.

MERRITT, Circuit Judge.

In this case for injunctive and declaratory relief, the plaintiffs, Jack Dickens and Homer Lee Scott, appeal the decision of the District Court under the Anti-Injunction Act, 26 U.S.C. § 7421, and the Declaratory Judgment Act, 28 U.S.C. § 2201 dismissing their suit for lack of subject matter jurisdiction. The issue is whether these statutes withdraw from federal courts jurisdiction to enjoin the Internal Revenue Service from using for assessment purposes information lawfully acquired by agents of the Federal Bureau of Investigation as a result of a court-ordered wiretap and search warrant.

During the course of a gambling investigation, an agent of the FBI obtained an order from the District Court authorizing the interception of telephone conversations pursuant to the federal wiretap statute, 18 U.S.C. § 2510, *et seq.* A search warrant was then issued based upon information derived from the wiretaps. Various documents relating to gambling activities were seized. The evidence obtained did not lead to criminal prosecution, but the FBI permitted the IRS to copy the seized documents. The information contained within these documents enabled the IRS to compute proposed wagering tax assessments against the plaintiffs.

The plaintiffs brought suit for mandamus, injunctive and declaratory relief seeking to prohibit the IRS from using information obtained from the seized documents for the purpose of making tax assessments. They assert that we should construe Section 2517(1) of the wiretapping statute to prevent the FBI from turning over wiretap information to the IRS for assessment purposes.[1] The District Court dismissed the suit on grounds that the Anti-Injunction Act, 26 U.S.C. § 7421(a),[2] prohibits the bringing of a "suit for the purpose of restraining the assessment or collection of any tax," and the Declaratory Judgment Act, 28 U.S.C. § 2201,[3] prohibits courts from granting declaratory judgments "with respect to Federal taxes." The District Court noted, however, that the plaintiffs might have a valid claim for damages pursuant to 18 U.S.C. § 2520 for violation of the wiretapping statute and granted the plaintiffs 30 days in which to amend their pleadings. The plaintiffs declined to amend and appealed. On appeal plaintiffs' basic argument is that the suit is proper under the Anti-Injunction and Declaratory Judgment Acts because the "purpose" of the suit is to prohibit the *use* of documents by the IRS, not to restrain a tax assessment.

---

1. The complete text of 18 U.S.C. § 2517(1) is as follows:

    Any investigative or law enforcement officer who, by any means authorized by this chapter, has obtained knowledge of the contents of any wire or oral communication, or evidence derived therefrom, may disclose such contents to another investigative or law enforcement officer to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.

2. The complete text of § 7421(a) is as follows:

    Except as provided in sections 6212(a) and (c), 6213(a), and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

3. Section 2201 provides that

    In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

The Anti-Injunction Act serves two related purposes. The primary purpose is "to permit the United States to assess and collect taxes alleged to be due without judicial intervention," and the "collateral objective of the Act [is to protect] the collector from litigation pending a suit for refund." *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7–8, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). In two related cases, *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974), and *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974), the Supreme Court recently considered claims for injunctions against IRS revocation of tax exempt status for private nonprofit organizations. In *Bob Jones* it was claimed that the "purpose" of the suit was "the maintenance of the flow of contributions, not the obstruction of revenue," 416 U.S. at 738, 94 S.Ct. at 2046. In *"Americans United"* the argument was that the "purpose" was "to determine its charitable status so far as benefactors are concerned," not to enjoin the assessment or collection of taxes, 416 U.S. at 767, 94 S.Ct. at 2062 (Blackmun, J., dissenting). The Court gave these arguments short shrift concluding in *Bob Jones* that there was "little doubt that a primary purpose of this lawsuit is to prevent the Service from assessing and collecting income taxes . . ." 416 U.S. at 738, 94 S.Ct. at 2046, and in *"Americans United"* that "[u]nder any reasonable construction of the statutory term 'purpose,' the objective of this suit was to restrain the assessment and collection of taxes from respondent's contributors," 416 at 760, 94 S.Ct. at 2058.

Courts have held consistently that the Anti-Injunction Act prohibits injunctions against IRS use of particular types of evidence in assessing or collecting taxes and that it is not limited to suits aimed at the specific act of assessment or collection. In *Koin v. Coyle*, 402 F.2d 468 (7th Cir. 1968), the court held that the Anti-Injunction Act is a bar to a suit seeking to restrain the IRS, in making an assessment, from using evidence allegedly seized illegally. The court stated that although "the suit [did] not directly and expressly aim at assessment," it was "directed expressly at the

means to that end, and in our view is substantially aimed at restraining the assessment. It cannot be seriously contended that precluding the assessment is not the end sought." *Id.* at 469. The Anti-Injunction Act "is equally applicable to activities which are intended to or may culminate in the assessment or collection of taxes." *Blech v. United States*, 595 F.2d 462, 466 (9th Cir. 1979) *quoting United States v. Dema*, 544 F.2d 1373, 1376 (7th Cir. 1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1106, 51 L.Ed.2d 539 (1977). A suit designed to prohibit the use of information to calculate an assessment is a suit designed "for the purpose of restraining" an assessment under the statute.

Since the "purpose" of this suit falls within the congressional proscription, the remaining question is whether the government's actions fall within the exception which authorized courts to enjoin acts of governmental legerdemain undertaken under the "guise" of the administration of the tax laws. *Enochs v. Williams Packing Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Cole v. Cardoza*, 441 F.2d 1337, 1341–42 (6th Cir. 1971). That exception requires a dual finding that the government is certain to lose on its claim—could win "under no circumstances"—and that the taxpayer has no adequate remedy at law. *Commissioner of Internal Revenue v. Shapiro*, 424 U.S. 614, 627, 96 S.Ct. 1062, 1070, 47 L.Ed.2d 278 (1976); *United States v. American Friends Service Committee*, 419 U.S. 7, 10, 95 S.Ct. 13, 14, 42 L.Ed.2d 7 (1974); *Bob Jones University v. Simon*, 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974); *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758, 94 S.Ct. 2053, 2057, 40 L.Ed.2d 518 (1974). The Supreme Court has stated that if these two conditions are satisfied the government's actions are "merely in 'the guise of a tax.'" *Williams Packing*, 370 U.S. at 7, 82 S.Ct. at 1129 *quoting Miller v. Standard Nut Margarine Co.*, 284 U.S. 498, 509, 52 S.Ct. 260, 263, 76 L.Ed. 422 (1932).

The question, therefore, is whether it is "apparent that, under the most liberal view of the law and the facts, the United States cannot establish its claim." *Williams*

*Packing*, 370 U.S. at 7, 82 S.Ct. at 1129. The plaintiffs argue that the documentary evidence was improperly disclosed to the IRS in violation of Section 2517 and that Section 2515 requires suppression of the evidence. There may be a serious problem of disclosure under Section 2517(1) of the wiretap statute quoted above, on the theory that an IRS agent is not an "investigative or law enforcement officer," *see Fleming v. United States*, 547 F.2d 872, 875 n.4 (5th Cir. 1977), or that "disclosure" is not "appropriate to the proper performance of ... official duties," 18 U.S.C. § 2517(2), although one court has upheld similar exchanges of wiretap information between the FBI and the IRS. *United States v. Iannelli*, 477 F.2d 999, 1001 (3rd Cir. 1973), *aff'd on other grounds*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). Other courts have held that even if legally obtained wiretap information is improperly disclosed that suppression of that evidence is not required. The suppression remedy, these courts reason, is available only for wiretap evidence which has been illegally *seized* and not available against evidence which admittedly was legally seized (as in this case) but allegedly improperly disclosed. *Fleming v. United States, supra*, 547 F.2d at 874; *Bilbo v. United States*, 633 F.2d 1137, 1140 (5th Cir. 1981); *United States v. Horton*, 601 F.2d 319, 324 (7th Cir. 1979), *cert. denied*, 444 U.S. 937, 100 S.Ct. 287, 62 L.Ed.2d 197 (1979); *Griffin v. United States*, 588 F.2d 521, 524–25 (5th Cir. 1979). Under this view of the law we cannot conclude that the plaintiffs have satisfied the first condition, i.e. certainty of success on the merits, required for an injunction against a tax assessment. Since both conditions must be satisfied the Anti-Injunction Act stands as a bar to this suit. *Alexander v. "Americans United" Inc.*, 416 U.S. at 758, 94 S.Ct. at 2057; *United States v. American Friends Service Committee*, 419 U.S. at 10, 95 S.Ct. at 14.

■ Moreover, there is no showing that either the FBI or the IRS is using the tax laws as a disguise to wiretap or search illegally or that the intercept order or the search warrant obtained by the FBI violates Fourth Amendment or statutory standards. *Cf. Fleming v. United States*, 547 F.2d at 873–74. We conclude that the conduct of the IRS in requesting and using the information in question was not a "guise" for a nontax purpose and does not evidence motives outside the protection of the anti-tax-injunction statute. There is no showing that the goal of the IRS in requesting and using the information was anything other than tax administration.

■ We conclude that the Anti-Injunction Act precludes the relief sought by the plaintiffs and that the exception to that act is inapplicable. The plaintiffs, however, also characterized their suit as a mandamus action and a request for a declaratory judgment. Although the plaintiffs "attempt to cloak [their] lawsuit as an action in the nature of mandamus" the action is actually "tantamount to an action for an injunction to restrain ... an assessment of taxes ... and therefore falls within the bar of [the Anti-Injunction Act]." *Transport Manufacturing and Equipment Co. of Delaware v. Trainor*, 382 F.2d 793, 797 (8th Cir. 1967). Similarly, the attempt to obtain declaratory relief is also deficient. In the first place, the Declaratory Judgment Act is not available "with respect to federal taxes." 28 U.S.C. § 2201. Moreover, the Supreme Court has stated that "the federal tax exemption to the Declaratory Judgment Act is at least as broad as the Anti-Injunction Act." *Bob Jones*, 416 U.S. at 733 n.7, 94 S.Ct. at 2044. Since we have already found the Anti-Injunction Act applicable we also find that declaratory relief is equally unavailable. *McCabe v. Alexander*, 526 F.2d 963, 965 (5th Cir. 1976).

Accordingly, the judgment of the District Court denying the relief sought by the plaintiffs is affirmed.