849 F.2d 610
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hallison H. YOUNG, et al., Plaintiffs-Appellants,
v.
Bonnie BURKS, et al., Defendants-Appellees.
 No. 84-1805.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1988.
 
 Before ENGEL, Chief Judge, KRUPANSKY, Circuit Judge, and BAILEY BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs-appellants Hallison Young (Young), Frederick A. Patmon (Patmon), Patmon, Young & Kirk, P.C. (PYK), and Patmon & Young, P.C. (PY) (collectively, appellants) appealed from the district court's entry of summary judgment in favor of the defendants-appellees in this action alleging numerous improprieties in the Internal Revenue Service's (IRS) investigation into appellants' tax liability.[1] The record disclosed the following facts.
 
 
 2
 In 1980, the IRS initiated a routine investigation into Young's tax liability for the taxable years 1976 and 1977, which routine investigation was prompted by his failure to report taxable income for those years. The IRS issued numerous summonses to Young, PYK, PY, and financial institutions at which he maintained accounts as third-party recordkeepers,[2] and, upon application by the IRS, the district court eventually enforced the summonses. See United States v. Young, 532 F.Supp. 334 (E.D.Mich.1981), aff'd in part, dismissed in part, 718 F.2d 1101 (6th Cir.1983), cert. denied, 466 U.S. 903, 104 S.Ct. 1677, 1678, 80 L.Ed.2d 152, 153 (1984).
 
 
 3
 At approximately the same time, the IRS initiated a separate routine investigation of Patmon's tax liability for the taxable years 1977 and 1978 when the IRS computer system disclosed that Patmon had invested in an identified "tax shelter" during those years. In the course of this investigation, the IRS also determined that it was necessary to investigate PYK's and PY's tax liability. Accordingly, several additional summonses were issued to PYK, PY, and third-party recordkeepers, and, upon application of the IRS, the district court also enforced these summonses, and this court affirmed. United States v. Patmon, Young & Kirk, P.C., No. 82-1827 (6th Cir. ---- ----, 1988).
 
 
 4
 On May 28, 1982, appellants filed the present civil action against the appellees in the United States District Court for the Eastern District of Michigan seeking both injunctive and monetary relief. Specifically, appellants sought damages for alleged unlawful disclosures of confidential tax returns and return information[3] under 26 U.S.C. Secs. 6103, 7213, and 7217,[4] the Privacy Act of 1974, 5 U.S.C. Sec. 552a, and for alleged violations of their rights under the First, Fourth, Fifth, and Ninth Amendments to the United States Constitution. Appellants also sought to enjoin appellees from violating 26 U.S.C. Secs. 6103 and 7213, and the Right to Financial Privacy Act (RFPA), 12 U.S.C. Sec. 3401 et seq. Underlying appellants' claims were allegations that the investigations of their tax liability were racially motivated and commenced to harass them because they had, in their capacities as attorneys, represented clients in tax related cases. They further alleged that the appellees repeatedly made unauthorized disclosures of confidential tax returns and return information to other employees of the Departments of Treasury and Justice and to the public. The public disclosures were a result of the IRS' use of their tax returns as evidence in the above-referenced summons enforcement proceedings.
 
 
 5
 The appellees filed several motions to dismiss or for summary judgment, and on August 23, 1982, the district court stayed discovery pending further order of the court so that the defendants could prepare their motions to dismiss based upon absolute and qualified immunity. By order of October 25, 1982, the court dismissed the claims for injunctive relief for lack of jurisdiction because they were barred under the Anti-Injunction Act, 26 U.S.C. Sec. 7421. On June 6, 1983, the district court dismissed eleven of the named individual defendants for insufficiency of service of process, and on June 28, 1983, the court dismissed four of the defendants (two Justice Department attorneys and two IRS attorneys who had represented the government in the summons enforcement proceedings) concluding that they were entitled to absolute prosecutorial immunity. Finally, on October 2, 1984, the district court granted summary judgment in favor of the remaining defendants because the complaint failed to state a claim upon which relief could be granted, and alternatively because the defendants were entitled to qualified immunity. Appellants thereafter commenced this timely appeal.
 
 
 6
 Appellants first asserted that the district court erroneously concluded that the claims for injunctive relief were barred by the Anti-Injunction Act, which provides, with limited exceptions not applicable in the case at bar, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. Sec. 7421(a). While the primary purpose of the act is to permit the IRS to assess and collect taxes without interference, it "is equally applicable to activities which are intended to or may culminate in the assessment and collection of taxes." Dickens v. United States, 671 F.2d 969, 971 (6th Cir.1982) (citation omitted). The only narrow exception to the prohibition contained in the Anti-Injunction Act is where the plaintiff can establish irreparable injury and "certainty of success on the merits." Bob Jones Univ. v. Simon, 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1974). "An injunction could issue only 'if it is clear that under no circumstances could the Government ultimately prevail....' " Id. Because the appellants had submitted no evidence to the district court indicating that the alleged unlawful disclosures of confidential financial information occurred other than in connection with the issuance and enforcement of the summonses, acts clearly intended to culminate in the collection of taxes, and because they could not establish the certainty of success on the merits of their claims,[5] the district court properly ruled that the claims were barred by the Anti-Injunction Act.
 
 
 7
 Appellants next contended that the district court erred by dismissing the claims for damages against those defendants who had participated in the various summons enforcement proceedings as attorneys representing the government. See Imbler v. Patchman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) (prosecutors absolutely immune from suits for damages challenging conduct arising out of their prosecutorial duties). The Supreme Court has held that prosecutorial immunity extends to actions taken by attorneys representing the government in agency enforcement proceedings. Butz v. Economou, 438 U.S. 478, 515-17, 98 S.Ct. 2894, 2915-16, 57 L.Ed.2d 895 (1978). Because all of the alleged misconduct in this case occurred within the parameters of the summons enforcement proceedings, the district court correctly ruled that these defendants were entitled to immunity, and this assignment of error is without merit.
 
 
 8
 Appellants also asserted that the district court erroneously dismissed the damage claims against the remaining individual defendants, i.e., employees of the Departments of Treasury and Justice responsible for investigating appellants' tax liability, under the doctrine of qualified immunity. In Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court concluded "that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." 457 U.S. at 817.
 
 
 9
 The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of preexisting law the unlawfulness must be apparent.
 
 
 10
 Anderson v. Creighton, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987) (citations omitted). See also Dominque v. Telb, 831 F.2d 673, 676 (6th Cir.1987).
 
 
 11
 The district court properly ruled that these defendants were shielded from liability under the doctrine of qualified immunity. The disclosures were alleged to have been made in connection with the investigation of Patmon's, Young's, PYK's and PY's tax liability. It was not "clearly established law" that these disclosures were unauthorized. Indeed, the alleged disclosures appear to have been specifically authorized by the internal revenue code. See 26 U.S.C. Sec. 6103(h)(1) (providing that tax returns may be disclosed to Treasury Department employees investigating tax liability); 26 U.S.C. Sec. 6103(h)(2) (providing that tax return information may be disclosed to Justice Department employees engaged in court proceedings connected with a taxpayers tax liability); 26 U.S.C. Sec. 6103(h)(4) (providing that tax return information may be disclosed in a court proceeding arising out of or in connection with determining the taxpayer's liability); 26 U.S.C. Sec. 6103(k)(6) (internal revenue officer may disclose return information to extent required to obtain information necessary to determine tax liability). Appellants' unsupported allegations that disclosures were made outside of the exceptions enumerated in 26 U.S.C. Sec. 6103 are insufficient to avoid summary judgment. See Fed.R.Civ.P. 56(e); Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986). Accordingly, this assignment of error is without merit.[6]
 
 
 12
 Appellants also argued that the district court erred by granting summary judgment in favor of the Departments of Justice and Treasury. Appellants had asserted claims against these defendants under 26 U.S.C. Secs. 6103 and 7217, the Privacy Act of 1974, 5 U.S.C. Sec. 552a, and the First, Fourth, Fifth and Ninth Amendments to the United States Constitution. In their complaint, appellants essentially alleged that the government was liable for its agents' unauthorized disclosures and that the investigation into their tax liability was racially motivated and commenced for the purpose of harassing them. The individual defendants, however, submitted affidavits stating that they had made no disclosures other than in connection with their investigation and in compliance with 26 U.S.C. Sec. 6103. Other than making bald assertions that appellees had made disclosures not authorized by Sec. 6103, appellants submitted no evidence contradicting these affidavits to the district court. Furthermore, in enforcing the summonses, the district court previously determined that the investigations into appellants' tax liability were commenced for a legitimate purpose, i.e., to ascertain their correct tax liability, and not for harassment purposes. Accordingly, this assignment of error is without merit.
 
 
 13
 This court has considered appellants' remaining assignments of error and concludes that they are without merit. The judgment of the district court is, therefore, hereby AFFIRMED.
 
 
 
 [1]
 Defendants-appellees (appellees) are the United States Departments of Justice and Treasury, and numerous employees of those departments who were involved in the investigation of appellants' tax liability
 
 
 [2]
 Under 26 U.S.C. Sec. 7609, the IRS may issue summonses to third-party recordkeepers such as financial institutions which have possession of records relevant to determining a taxpayer's liability
 
 
 [3]
 The term "return information" means--
 (A) a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, is being, or will be examined or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense, and
 (B) any part of any written determination or any background file document relating to such written determination (as such terms are defined in section 6110(b)) which is not open to public inspection under section 6110,
 but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer.
 26 U.S.C. Sec. 6103(b)(2).
 
 
 [4]
 26 U.S.C. Sec. 7217 was repealed with respect to disclosures made after September 3, 1982. Pub.L. 97-248, Sec. 357(c), 96 Stat. 646
 
 
 [5]
 Appellants asserted that their claim for equitable relief was authorized by 26 U.S.C. Sec. 6103, which provides that tax return information shall be confidential and 12 U.S.C. Sec. 3418 of the RFPA, which permits the issuance of an injunction for the purpose of enforcing the RFPA's mandate that financial institutions keep their customers' records confidential. 26 U.S.C. Sec. 6103, however, permits disclosures (1) to Treasury Department employees investigating the taxpayer's liability, (2) to Justice Department employees engaged in court proceedings connected with the taxpayer's liability, (3) in a court proceeding arising out of or in connection with determining the taxpayer's liability, and (4) to the extent necessary to obtain information required to determine the taxpayer's correct tax liability. The RFPA does not apply to disclosures authorized under the internal revenue code. 12 U.S.C. Sec. 3413(c). Accordingly, appellants could not establish the certainty of their success, i.e., that the alleged disclosures were clearly unlawful, and the exception enunciated by the Supreme Court in Bob Jones is inapplicable
 
 
 [6]
 Appellants also asserted that the district court abused its discretion by staying discovery pending its resolution of the qualified immunity claim. This argument is without merit. See Williamson v. United States Dep't of Agriculture, 815 F.2d 368, 382-83 (5th Cir.1987) (discovery should be stayed pending resolution of immunity issues)