915 F.2d 1571
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Russell F. GLEASON, Plaintiff-Appellant,
v.
William P. FAHEY, Jr., Regional Director Internal Revenue
Service, Sylvia P. Herman, Taxpayer Assistance Officer
Internal Revenue Service, Lorelei McCromick, Collection
Officer Internal Revenue Service, Defendants-Appellees.
 No. 90-5066.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1990.
 
 Before KENNEDY and KRUPANSKY, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Russel F. Gleason, a federal prisoner proceeding pro se appeals from the order of the district court dismissing his complaint. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages as well as declaratory and injunctive relief, Gleason sued three employees of the Internal Revenue Service. He alleged that defendants denied him his due process rights under the fifth amendment because the IRS failed to grant him an appeals conference before issuing a statutory notice of deficiency. It is clear from the face of the complaint that Gleason was challenging assessments made against him for tax years 1979, 1980 and 1981.
 
 
 3
 The district court dismissed the case with prejudice. Upon review, we affirm the order of dismissal.
 
 
 4
 To the extent that appellees are sued in their official capacities, this suit must be considered a suit against the United States and therefore subject to dismissal since there has been no waiver of sovereign immunity.
 
 
 5
 The declaratory judgment requested by appellant is barred by the tax exemption to the Declaratory Judgment Act, 28 U.S.C. Sec. 2201. The Act specifically exempts federal tax questions from the jurisdiction of the district courts to render declaratory judgments.
 
 
 6
 To the extent appellant seeks an order preventing the collection of the taxes assessed against him, his claim is barred by 26 U.S.C. Sec. 7421 of the Internal Revenue Code, commonly referred to as the Anti-Injunction Act.
 
 
 7
 Finally, to the extent that appellant's complaint could be construed as a Bivens claim (see Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)) for damages against which relief could be granted. A qualified immunity defense is available to federal officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Mitchell v. Forsyth, 472 U.S. 511, 517 (1985) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).