**RICHARD A. VAUGHN, DDS, P.C., Plaintiff–Appellant,**

v.

**Frederick G. BALDWIN, Defendant–Appellee.**

No. 91–1331.

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 29, 1991.

Decided Dec. 4, 1991.

Robert J. Zinkel, Jr. (briefed), Detroit, Mich., Joseph Falcone (briefed), Southfield, Mich., for plaintiff-appellant.

Mary S. Rigdon, Asst. U.S. Atty., Detroit, Mich., Gary R. Allen, Acting Chief (briefed), Murray S. Horwitz, Charles E. Brookhart, Bridget M. Rowan, U.S. Dept. of Justice, Appellate Section Tax Div., Keith V. Morgan, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant-appellee.

Before: KEITH and NELSON, Circuit Judges, and HOOD, District Judge.*

DAVID A. NELSON, Circuit Judge.

The question presented in this appeal is whether business records temporarily surrendered to the Internal Revenue Service on a voluntary basis in connection with a tax investigation may be retained and copied by the IRS after the owner of the documents has formally demanded their return and withdrawn consent to the making of copies.

The defendant is an IRS agent to whom the plaintiff, a professional corporation, entrusted thousands of pages of records after the issuance of an administrative summons but before steps had been taken to make compliance with the summons mandatory. The agent took the documents to another city, kept them for months, and rejected several informal requests for their return. The plaintiff then revoked the consent given earlier, but the agent held on to the documents in order to make copies. The originals were finally returned after the plaintiff sued to get them back; the agent refused to give up the copies.

Concluding that retention of copies made after the revocation of consent violated the plaintiff's Fourth Amendment right to be "secure" in its papers "against unreasonable searches and seizures," we shall direct that the copies be turned over to the plaintiff.

I.

Plaintiff Richard A. Vaughn, DDS, P.C., a corporation with offices in Highland Park, Michigan, was the subject of an in-

vestigation by the Internal Revenue Service concerning possible violations of the federal tax laws. In connection with this investigation defendant Frederick G. Baldwin, an IRS agent, issued an administrative summons to the president of the corporation, Dr. Vaughn, calling for the production of thousands of documents. Dr. Vaughn voluntarily complied and agreed to let the IRS make copies. The documents were delivered to the IRS on November 23 and December 15, 1988, and were lodged in an IRS office located in Mt. Clemens, Michigan. Mt. Clemens is more than 20 miles from Highland Park.

The plaintiff subsequently made several informal requests for the return of the documents. The requests were denied. On May 11, 1989, the plaintiff made a formal demand for the papers. Again the IRS refused to comply. One week later the plaintiff issued a written revocation of consent to the IRS's retention of the records, and a suit in the nature of a replevin action was filed on May 22, 1989. The IRS continued to make copies, and finally started returning the originals on June 12. The last of the documents were given back on July 25, 1989, more than eight months after the original production. The district court then dismissed the lawsuit as moot.

The present suit was brought pursuant to 28 U.S.C. § 1361 to compel Agent Baldwin to turn over all photocopies made after the withdrawal of consent on May 18, 1989. The complaint also sought damages.

The district court denied a motion by the plaintiff for summary judgment, and the court dismissed the action on motion by the defendant IRS agent. This appeal followed. The plaintiff's sole contention on appeal is that the Fourth Amendment precludes the IRS from keeping photocopies made after the plaintiff withdrew its consent. The court is without jurisdiction to review other claims made in the district court. *McMurphy v. City of Flushing*, 802 F.2d 191, 198–99 (6th Cir.1986).

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

## II.

■ It is clear that the IRS was entitled to copy the records while they were in its lawful possession and to keep the copies after the plaintiff regained possession of the originals. *Sovereign News Co. v. United States,* 690 F.2d 569, 577 (6th Cir.1982), *cert. denied,* 464 U.S. 814, 104 S.Ct. 69, 78 L.Ed.2d 83 (1983). The question, however, is whether possession of the originals was lawful after the revocation of consent, and, if not, whether it would be consistent with the Fourth Amendment for the IRS to keep photocopies made after the point at which the documents ought to have been returned.

In granting Agent Baldwin's motion to dismiss, the district court suggested that applying the Fourth Amendment to cases such as this one would merely make it easier for taxpayers to insulate their records from the IRS through an "extrajudicial remedy." A similar suggestion was made in *Mason v. Pulliam,* 557 F.2d 426, 428 (5th Cir.1977), where it was submitted that "requiring the government to return the taxpayers [sic] records instantly on demand would serve only to frustrate a legitimate government investigation without in any way furthering the purposes of the Fourth Amendment." The Court of Appeals for the Fifth Circuit rejected this submission, and so do we.

■ The Fourth Amendment is not an "extrajudicial remedy," and the constitutional rights of taxpayers cannot be sacrificed to the convenience of the IRS. "If the Government comes by evidence of tax obligations through means which callously disregard a citizen's constitutional rights, the naked possession of such information is not a basis for retention and use." *United States v. Chapman,* 559 F.2d 402, 407 (5th Cir.1977) (dictum). And "when the basis for search or seizure is consent, the government must conform to the limitations placed upon the right granted to search, seize or retain the papers or effects." *Mason,* 557 F.2d at 429; accord, *United States v. Blue Diamond Coal Co.,*

667 F.2d 510, 524 (6th Cir.), *cert. denied,* 456 U.S. 1007, 102 S.Ct. 2298, 73 L.Ed.2d 1302 (1982) (Keith, J., dissenting).

■ Agent Baldwin attempts to distinguish *Mason* on the ground that in that case the taxpayer turned over records without an administrative summons having been issued, whereas here the plaintiff was responding to a summons. Chief Judge Clark rejected such a distinction in *Linn v. Chivatero,* 714 F.2d 1278, 1288 (5th Cir. 1983) (Clark, C.J., concurring),[1] noting that in the absence of court intervention pursuant to 26 U.S.C. § 7402(b), a taxpayer's production of documents for the IRS is voluntary. See also *Smith v. Rich,* 667 F.2d 1228, 1232 (5th Cir.1982). We agree; the administrative summons issued to the plaintiff in this case did not make the production legally compulsory, and because the government's right to possession stemmed from the owner's consent, the government had no right to possession after consent was withdrawn.

Citing *United States v. Ponder,* 444 F.2d 816, 820 (5th Cir.1971), *cert. denied,* 405 U.S. 918, 92 S.Ct. 944, 30 L.Ed.2d 788 (1972), Agent Baldwin urges us to hold that once the IRS is in possession of documents through a taxpayer's voluntary cooperation, the agency has the right to "conclude its examination and copy such records prior to return, even after a demand, and that it should have a reasonable time to do so." Whatever *Ponder*'s current status (see *United States v. Ward,* 576 F.2d 243, 244 (9th Cir.1978), questioning the continued validity of *Ponder* in 5th Circuit after *Mason*), the case is inapposite here. The *Ponder* court explicitly limited its holding to cases in which plaintiffs were not claiming to enforce their constitutional rights. *Ponder,* 444 F.2d at 820 n. 5A.

It is "unreasonable" searches and seizures that are proscribed by the Fourth Amendment, of course, and the position taken by the IRS agent in this case was clearly unreasonable. The agency had months to examine and copy the plaintiff's records, and during that time Dr. Vaughn was told that the only way he could see the

---

1. The rest of the panel did not reach the issue. *Linn,* 714 F.2d at 1284 n. 7.

records would be to go to Mt. Clemens. When Dr. Vaughn finally made a formal demand for the return of the documents, it took more than two months and a lawsuit to get them back. Throughout the entire episode, the government's attitude was basically "'[t]he joke is on you. You shouldn't have trusted us.'" *Brandt v. Hickel,* 427 F.2d 53, 57 (9th Cir.1970).

■ When the plaintiff voluntarily complied with the IRS summons, it had the right to expect fair treatment in return. See *St. Regis Paper Co. v. United States,* 368 U.S. 208, 229, 82 S.Ct. 289, 301, 7 L.Ed.2d 240 (1961) (Black, J., dissenting) ("It is no less good morals and good law that the government should turn square corners in dealing with the people than that the people should turn square corners in dealing with their government"); *Federal Crop Insurance Corp. v. Merrill,* 332 U.S. 380, 387–88, 68 S.Ct. 1, 4–5, 92 L.Ed. 10 (1947) (Jackson, J., dissenting) ("It is very well to say that those who deal with the Government should turn square corners. But there is no reason why the square corners should constitute a one-way street.") The IRS simply had no right to examine or photocopy the plaintiff's documents after May 18, 1989, when the plaintiff's consent was withdrawn. See *Linn,* 714 F.2d at 1288 (Clark, C.J., concurring); *Mason,* 557 F.2d at 429.

The judgment of the district court is REVERSED and the case is REMANDED for entry of a summary judgment ordering that all copies of the plaintiff's documents made after May 18, 1989, be turned over to the plaintiff.