38 F.3d 1216
 74 A.F.T.R.2d 94-6829
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert S. MATHEWS, Relator, Plaintiff-Appellant,
v.
Ronald ALLTOP; J. Hurajt; Internal Revenue Service,
Defendants-Appellees.
 No. 94-3520.
 United States Court of Appeals, Sixth Circuit.
 Oct. 21, 1994.
 
 1
 Before: JONES and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Robert S. Mathews appeals a judgment of the district court which granted defendants' motion to dismiss his petition for a writ of prohibition for lack of jurisdiction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Mathews filed his petition in the district court seeking only a writ of prohibition to prevent the Internal Revenue Service and its employees from levying on his wages to satisfy a tax debt. The government moved to dismiss the action for lack of jurisdiction, and Mathews responded in opposition. The district court granted the government's motion and dismissed the petition. A timely Fed.R.Civ.P. 59(e) motion for relief from judgment was denied. This timely appeal followed.
 
 
 4
 Generally, the dismissal of a complaint for lack of jurisdiction is reviewed by this court de novo. Duncan v. Rolm Mil-Spec Computers, 917 F.2d 261, 263 (6th Cir.1990); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir.1990). Moreover, plaintiff has the burden of establishing jurisdiction after defendants challenged jurisdiction by filing their motion to dismiss. See Moir, 895 F.2d at 269; Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam).
 
 
 5
 Upon consideration, we affirm the district court's judgment for the reasons stated in its memorandum opinion filed March 10, 1994. Clearly, plaintiff's action is barred under the Anti-Injunction Act. See 26 U.S.C. Sec. 7421(a); Bob Jones Univ. v. Simon, 416 U.S. 725, 738 (1974); Dickens v. United States, 671 F.2d 969, 971 (6th Cir.1982). Plaintiff's claims on appeal that he does not owe the tax, and that the district court should have permitted further discovery or taken judicial notice of facts are without merit. Further, the claim that ex parte communication took place is unsupported in the record.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio, sitting by designation