103 F.3d 130
 79 A.F.T.R.2d 97-379, 97-1 USTC P 50,177
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Allen SHIFMAN; Danielle Shifman; and Pendelton
Construction, Corp., Plaintiffs-Appellants,
v.
INTERNAL REVENUE SERVICE, et al., Defendants-Appellees.
 No. 95-1910.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1996.
 
 Before: BOGGS, NORRIS, and GIBSON, Circuit Judges.*
 OPINION
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from the district court's grant of summary judgment in favor of defendants, the Internal Revenue Service ("IRS") and the United States, in actions seeking the return of copies of certain seized business records, and the preclusion of a civil audit based upon information obtained from the allegedly illegally seized records. Plaintiffs also filed a separate motion to quash IRS summonses, but these actions were consolidated in the district court since they involved the same core issue--a challenge to the use by the IRS of copies of materials, which plaintiffs claim were obtained in an illegal search and seizure, in the conduct of a civil tax audit. This court need not address the merits of the district court's ruling, however, since we hold that plaintiffs' actions are barred by the Anti-Injunction Act ("Act") of 26 U.S.C. § 7421.
 
 
 2
 The Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The United States Supreme Court has stated that
 
 
 3
 [t]he manifest purpose of section 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner, the United States is assured of prompt collection of its lawful revenue.
 
 
 4
 Enochs v. Williams Packing and Navigation Co., 370 U.S. 1, 7 (1962); accord Dickens v. United States, 671 F.2d 969 (6th Cir.1982).
 
 
 5
 When the Anti-Injunction Act applies, the district court is deprived of its jurisdiction and the suit must be dismissed. Enochs, 370 U.S. at 7. Courts, including this court, have consistently held that the Act is not limited to suits aimed at the specific acts of assessment and collection. Dickens, 671 F.2d at 971. Rather, the act also applies to prohibit injunctions against the use by the IRS of particular types of evidence in assessing and collecting taxes. Id. In Dickens, this court cited with approval the case of Koin v. Coyle, 402 F.2d 468 (7th Cir.1968), which held that the Act bars a suit seeking to prevent the IRS from using evidence allegedly illegally seized in the assessment process, holding that "[a] suit designed to prohibit the use of information to calculate an assessment is a suit designed 'for the purpose of restraining' an assessment under the statute." Dickens, 671 F.2d at 971; see also Lowrie v. United States, 824 F.2d 827, 831 (10th Cir.1987) (action seeking return of copies of records allegedly illegally seized is "squarely within the purview of the Act"). "[T]he constitutional nature of a taxpayer's claim, as distinct from its probability of success, is of no consequence under the Anti-Injunction Act." Alexander v. "Americans United" Inc., 416 U.S. 752, 759 (1974).
 
 
 6
 Plaintiffs' claim that this suit was not brought to avoid paying a tax is unconvincing, particularly since their petition for return of property specifically requests that the district court "[o]rder the cease and desist of the civil audit by the Internal Revenue Service," and since plaintiffs' counsel stated before the district court that "[t]his case is a request ... to preclude the civil audit division from conducting a civil audit." Indeed, plaintiffs assert no other reason for requesting the return of the copies of their business records, and the original records have already been returned to them. Both the circumstances under which this suit was filed, and plaintiffs' own pleadings, make clear that the suit's primary purpose was to block the assessment of taxes.
 
 
 7
 Finally, plaintiffs' reliance upon Richard A. Vaughn, DDS, P.C. v. Baldwin, 950 F.2d 331 (6th Cir.1991), is misplaced. Although this court stated in Vaughn that "the constitutional rights of taxpayers cannot be sacrificed to the convenience of the IRS," id. at 333, that case did not involve the application of the Anti-Injunction Act. Plaintiffs can argue the merits of their claim when, and if, the IRS assesses taxes against them based upon the allegedly illegally seized materials.
 
 
 8
 The order of the district court is affirmed.
 
 
 
 *
 The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation