**Gary BOGGS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. C–1–99–51.**

United States District Court, S.D. Ohio, Western Division.

June 20, 2000.

Gary L Boggs, Loveland, OH, plaintiff pro se.

Lydia D Bottome, Todd L Treadway, U.S. Department of Justice, Tax Division, Washington, DC, for USA, Internal Revenue Service, defendants.

### *ORDER*

HERMAN J. WEBER, District Judge.

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 14) to which neither party has objected.

Upon a *de novo* review of the record, the Court finds that the Judge has accurately set forth the applicable law and has properly applied it to the particular facts of this case. Accordingly, in the absence of any objection by plaintiff, this Court accepts the Report as uncontroverted.

The Report and Recommendation of the United States Magistrate Judge (doc. no. 14) is hereby **ADOPTED AND INCORPORATED BY REFERENCE HEREIN.** The Motion for Summary Judgment filed by the defendant, United States of Amer-

ica (doc. no. 10), is **GRANTED.** Plaintiff's Complaint is **DISMISSED.** This matter is **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

**REPORT AND RECOMMENDATION THAT THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT (DOC. 10) BE GRANTED, AND THIS CASE THEREFORE TERMINATED UPON THE DOCKET**

SHERMAN, United States Magistrate Judge.

**NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO THIS R & R**

This is a civil tax action initially filed *pro se* by taxpayer Gary Boggs against the United States ("Government"). In his complaint, plaintiff seeks an injunction to (1) enjoin the Internal Revenue Service ("IRS") from continuing its efforts to collect plaintiff's back federal taxes for 1995–96; (2) require the IRS to release a lien it supposedly placed upon plaintiff's Clermont County, Ohio property; and (3) direct the IRS to also release a "notice of levy" served upon plaintiff's employer, Makino, Inc. *See* doc. 1 (*pro se* complaint) at 1. Believing the Court lacks jurisdiction to enter such an injunction, the Government now moves for summary judgment. *See* docs. 10 (motion), 12 (plaintiff's opposition memorandum).

### I.

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Court must read the evidence, and all inferences drawn therefrom, in the

light most favorable to the non-moving party. *Smith v. Hudson,* 600 F.2d 60, 63 (6th Cir.1979). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. The Court's function is not to weigh the evidence and determine the truth of the matters asserted, "but to determine whether there is a genuine issue for trial." *Id.* at 249, 106 S.Ct. 2505. The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

## II.

■ The motion is well taken. Plaintiff's claim for injunctive relief is barred by both the Anti–Injunction Act, 26 U.S.C. § 7421(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201(a). As one Court of Appeals has explained:

The Declaratory Judgment Act authorizes federal courts to grant declaratory relief in cases of actual controversy within its jurisdiction, but expressly precludes granting such relief in cases "with respect to federal taxes." 28 U.S.C. § 2201(a). This prohibition is "designed to protect 'the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference.'" *Nelson v. Regan* [84–1 USTC ¶ 9306], 731 F.2d 105, 109 (2d Cir.1984) (quoting *Bob Jones University v. Simon* [74–1 USTC ¶ 9438], 416 U.S. 725, 736[, 94 S.Ct. 2038, 40 L.Ed.2d 496] (1974)), *cert. denied sub. nom., Manning v. Nelson,* 469 U.S. 853, 105 S.Ct. 175, 83 L.Ed.2d 110 (1984). The statute makes clear that Congress intended to bar federal courts from granting declaratory relief in cases challenging the IRS's method of collecting and assessing federal taxes. *Nelson* [84–1 USTC ¶ 9306], 731 F.2d at 109; *Jolles Foundation v. Moysey* [58–1 USTC ¶ 9122], 250 F.2d 166, 169 (2d Cir.1957). The exception for tax matters is very broad, *see Martin v. Andrews* [56–2 USTC ¶ 10,072], 238 F.2d 552 (9th Cir.1956), and applies regardless of a recitation of alleged constitutional violations. *Willis v. Alexander* [78–2 USTC ¶ 9525], 575 F.2d 495, 495–96 (5th Cir.1978); *Jolles* [58–1 USTC ¶ 9122], 250 F.2d at 169.

As for [plaintiff's] claim for injunctive relief, the district court likewise correctly determined that it lacked jurisdiction to grant it. The Anti–Injunction Act states that "[n]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person...." 26 U.S.C. § 7421(a). None of the possible exceptions to this provision apply, in particular the exception defined by the Supreme Court in *Enochs v. Williams Packing & Navigation Co.* [62–2 USTC ¶ 9545], 370 U.S. 1, 7[, 82 S.Ct. 1125, 8 L.Ed.2d 292] (1962), which allows suits to go forward where (i) the government's position has no chance of success on the merits, and (ii) equity jurisdiction otherwise exists. *See also Bob Jones University* [74–1 USTC ¶ 9438], 416 U.S. at 745[, 94 S.Ct. 2038].

*Tien v. Goldenberg,* No. 96–6100, 1996 WL 751371, at *1 (2d Cir. Oct.31, 1996). Other circuits have also so held. *See Wyoming Trucking Ass'n, Inc. v. Bentsen,* 82 F.3d 930, 932–33 (10th Cir.1996); *Progressive Consumers Fed. Credit Union v. United States,* 79 F.3d 1228, 1233 (1st Cir.1996). The Sixth Circuit, likewise, is in accord with this view. *See Lutz v. United States,* No. 90–5226, 1990 WL 193066, at *2 (6th Cir. Dec.6, 1990) (*per curiam*); *Gleason v. Fahey,* No. 90–5066, 1990 WL 143597, at *1 (6th Cir. Oct.2, 1990); *Ecclesiastical Order of the ISM of AM, Inc. v. IRS,* 725 F.2d 398, 400–01 (6th Cir.1984); *Dickens v. United States,* 671 F.2d 969, 972 (6th Cir.1982).

Plaintiff's request for injunctive relief is thus barred by the above caselaw. The *Williams Packing* exceptions to the Anti–Injunction Act, described in *Tien,* are inapplicable here because plaintiff has available to him the option of filing a "claim for a tax refund or credit" under 26 U.S.C. § 7422(a). *See Hezel v. United States,* No. 97–6046, 1998 WL 702311, at *1 (6th Cir. Sept.21, 1998); *see also Wyoming Trucking Ass'n,* 82 F.3d at 935 ("The fact ... that ... plaintiffs have an adequate remedy at law via a tax [refund action] filed in accordance with [IRS] procedures ... prevents equity jurisdiction in this case").

## III.

The Court therefore **RECOMMENDS** that the Government's motion for summary judgment be **GRANTED,** and this case **TERMINATED UPON THE DOCKET.**

May 1, 2000.

### NOTICE

■ Pursuant to Fed.R.Civ.P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R & R") within **TEN DAYS** of their service of this R & R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R & R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).