**Walter L. DAULTON, Petitioner–Appellant,**

v.

**UNITED STATES of America; Sandra K. Job–Rivera, Respondents–Appellees.**

**No. 03–3229.**

United States Court of Appeals, Sixth Circuit.

Sept. 18, 2003.

---

Thomas J. Utaski, Paul A. Nidich, Cincinnati, OH, for Petitioner–Appellant.

Patricia Bowman, Teresa E. McLaughlin, U.S. Department of Justice, Washington, DC, for Respondents–Appellees.

Before BOGGS, NORRIS, and CLAY, Circuit Judges.

## ORDER

Walter L. Daulton appeals a district court judgment dismissing his suit for want of jurisdiction. The parties expressly waive oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Daulton, an income tax preparer, was the subject of an Internal Revenue Service (IRS) criminal investigation. He filed a petition against the United States and IRS Special Agent Sandra K. Job–Rivera, seeking to: 1) quash an administrative summons that the IRS had issued to one of his clients, and 2) enjoin the IRS's investigation into his tax preparation practices. The district court dismissed Daulton's petition to quash the summons and ordered further briefing as to the court's jurisdiction to order the termination of the IRS's investigation. After briefing, the court dismissed Daulton's petition for lack of jurisdiction under the Anti–Injunction Act, 26 U.S.C. § 7421.

On appeal, Daulton reasserts that the district court had jurisdiction to enjoin the IRS's ongoing investigation. He does not dispute, however, that his petition is precluded to the extent that he sought to quash the summons issued to his client. Thus, any claim relating to Daulton's attempt to quash the administrative summons issued to one of his clients is abandoned. Issues that were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. *Enertech Elec., Inc. v. Mahoning County Comm'rs*, 85 F.3d 257, 259 (6th Cir.1996).

This court reviews de novo a district court's dismissal of an action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir.2000). When the defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction and the court may resolve factual disputes. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir.1986).

Upon review, we conclude that the district court properly dismissed Daulton's petition for lack of subject matter jurisdic-

tion because it is barred by the Anti–Injunction Act (the Act), 26 U.S.C. § 7421. The Anti–Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The United States Supreme Court has stated that the manifest purpose of section 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner, the United States is assured of prompt collection of its lawful revenue. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962); *accord Dickens v. United States*, 671 F.2d 969 (6th Cir.1982).

When the Anti–Injunction Act applies, the district court is deprived of its jurisdiction and the suit must be dismissed. *Enochs*, 370 U.S. at 7. Courts, including this court, have consistently held that the Act is not limited to suits aimed at the specific acts of assessment and collection. *Dickens*, 671 F.2d at 971. Rather, the Act also applies to prohibit injunctions against the use by the IRS of particular types of evidence in assessing and collecting taxes. *Id.* In *Dickens*, this court cited with approval the case of *Koin v. Coyle*, 402 F.2d 468 (7th Cir.1968), which held that the Act bars a suit seeking to prevent the IRS from using evidence allegedly illegally seized in the assessment process, holding that "[a] suit designed to prohibit the use of information to calculate an assessment is a suit designed 'for the purpose of restraining' an assessment under the statute." *Dickens*, 671 F.2d at 971; *see also Lowrie v. United States*, 824 F.2d 827, 831 (10th Cir.1987) (action seeking return of copies of records allegedly illegally seized as well as all copies of such records, and an injunction banning their use in tax pro-

ceedings against plaintiff is "squarely within the purview of the Act").

The IRS's investigation may lead to the assessment and collection of taxes. Thus, the Act prohibits an injunction against the IRS's continued investigation.

Accordingly, the district court's judgment is hereby affirmed.